**United States District Court**
For the Northern District of California

1

2                          IN THE UNITED STATES DISTRICT COURT

3                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5   SUMITOMO MITSUBISHI SILICON                 No. C 05-2133 SBA
    CORPORATION, et al.,                        (*Related to Case No. C 01-4925*)
6
                    Plaintiffs,
7                                               **ORDER**
      v.
8                                               [Docket No. 194]
    MEMC ELECTRONIC MATERIALS, INC.,
9
                    Defendant.
10  _____/

11
            This matter comes before the Court on MEMC Electronic Materials, Inc.'s Motion to Dismiss
12
    Counts II, III, and IV of the First Amended Complaint and Defendant's Counterclaims [Docket No. 194].
13
    Having read and considered the papers presented by the parties, the Court finds this matter appropriate
14
    for disposition without a hearing.  The Court hereby GRANTS MEMC Electronic Materials, Inc.'s
15
    Motion to Dismiss Counts II, III, and IV of the First Amended Complaint and Defendant's
16
    Counterclaims.
17
                                        **BACKGROUND**
18
            On July 13, 2004, Plaintiffs Sumitomo Mitsubishi Silicon Corporation and SUMCO USA
19
    Corporation (collectively, "SUMCO") filed suit in the United States District Court for the District of
20
    Delaware against MEMC Electronic Materials, Inc. ("MEMC" or "Defendant").
21
            On October 5, 2004, SUMCO filed a First Amended Complaint against MEMC.  In the First
22
    Amended Complaint, SUMCO alleges that MEMC has engaged in certain anti-competitive conduct,
23
    including but not limited to: (a) accumulating a large number of patents for the purpose of creating an
24
    all-encompassing anti-competitive patent domain; (b) intentionally failing to disclose material prior art
25
    to the United States Patent and Trademark Office ("PTO"); (c) enforcing United States Patent No.
26
    5,919,302 (the "'302 Patent") in bad faith; and (d) threatening to file additional seriatim patent
27
    infringement suits with respect to other MEMC patents that emanate from the '302 Patent.  The
28

United States District Court

For the Northern District of California

1  following causes of action are asserted against MEMC: (1) Attempted Monopolization (Count I); (2)

2  Declaratory Judgment of Patent Non-Infringement of the '302 and '380 Patents (Count II); (3)

3  Declaratory Judgement of Patent Invalidity of the '302 and '380 Patents (Count III); (4) Declaratory

4  Judgment of Patent Unenforceability of the '302 and '380 Patents (Count IV); and (5) Patent Misuse

5  (Count V).

6       On March 31, 2005, the Delaware Court granted MEMC's Motion to Transfer.  The case was

7  subsequently transferred to this district pursuant to 28 U.S.C. § 1404(a).

8       On June 13, 2005, MEMC answered the First Amended Complaint and asserted a counterclaim

9  for infringement of the '302 Patent.  In MEMC's Answer, MEMC alleged that certain IBM test and

10  monitor wafers infringed the '302 Patent.  On July 5, 2005, SUMCO answered MEMC's counterclaim.

11       On July 25, 2005, this Court deemed this case related to Case No. C 01-4925 SBA.

12       On August 22, 2005, the Federal Circuit issued its decision on the appeal of Case No. C 01-4925

13  SBA and held that this Court did not err when in granted summary judgment of zero damages on the

14  issue of direct infringement but did err when it granted summary judgment with respect to inducement

15  of infringement because there were genuine issues of material fact pertaining to the active inducement

16  of infringement claim.  Accordingly, the Federal Circuit remanded the case and instructed this Court

17  to determine if the accused wafers infringed the '302 Patent, and, if so, whether SUMCO actively

18  induced infringement.

19       On October 7, 2005, MEMC filed a Motion for Leave to File an Amended Answer and

20  Counterclaim.  In its Motion, MEMC sought leave to file an additional counterclaim against SUMCO

21  for alleged infringement of U.S. Patent No. 6,287,380 (the "'380 Patent") by wafers used by Samsung

22  Austin Semiconductor.

23       On October 24, 2005, MEMC filed a Motion for Separate Trial and Deferred Discovery on

24  SUMCO's Claim of Attempted Monopolization.

25       On November 4, 2005, SUMCO filed a Motion for Summary Judgment of Non-Infringement

26  and Invalidity of U.S. Patent No. 5,919,302 in Case No. C 01-4925 SBA.  In the Motion, SUMCO

27  sought summary judgment in its favor on the following grounds: (1) that the accused wafers did not

28  infringe the asserted claims of the '302 Patent; (2) that the '302 Patent was invalid under 35 U.S.C. § 112

2

United States District Court

For the Northern District of California

1  for lack of enablement; (3) that the asserted claims of the '302 Patent were invalid under 35 U.S.C. §

2  102(a) and (b) as anticipated by prior art publications; and (4) that the asserted claims of the '302 Patent

3  were invalid under 35 U.S.C. § 102(e), (f), or (g) based upon the prior art reflected in U.S. Patent No.

4  6,045,610.  Additionally, SUMC filed a renewed Motion for Summary Judgment of Zero Damages.

5      On December 6, 2005, the Court denied MEMC's Motion for Separate Trial and Deferred

6  Discovery in this case.

7      On December 6, 2005, in Case No. C 01-4925 SBA, MEMC filed a Motion for Summary

8  Judgment on Defendants' Invalidity Affirmative Defense.  In the Motion for Summary Judgment on

9  Defendants' Affirmative Defense, MEMC sought a summary adjudication finding that the asserted

10 claims of the '302 Patent satisfied the requirements of 35 U.S.C. §§ 102, 103, and 112.  Also on

11 December 6, 2005, MEMC filed a Motion for Summary Judgment Against Defendants for Active

12 Inducement of Infringement Under 35 U.S.C. § 271(b).

13     On January 4, 2006, in the instant case, the Court granted MEMC's Motion for Leave to File an

14 Amended Answer and Counterclaim on the grounds that the Motion was unopposed.  MEMC filed its

15 Amended Answer and Counterclaim on January 5, 2006.

16     On January 23, 2006, SUMCO answered MEMC's Amended Answer and Counterclaim.

17     On February 24, 2006, the Court issued an Order in Case No. C 01-4925 SBA granting in part

18 and denying in part MEMC's Motion for Summary Judgment Against SUMCO's Invalidity Affirmative

19 Defense.  Summary judgment in MEMC's favor was denied with respect to SUMCO's affirmative

20 defense of enablement but granted on SUMCO's affirmative defense of anticipation.  Summary

21 judgment in MEMC's favor was also granted with respect to SUMCO's affirmative defense of

22 obviousness.  The Court also granted in part and denied in part SUMCO's Motion for Summary

23 Judgment of Non-Infringement and Invalidity of U.S. Patent No. 5,919,302 and entered judgment in

24 SUMCO's favor on the grounds that the '302 Patent was not infringed.  Additionally, the Court granted

25 judgment in SUMCO's favor that the '302 Patent was invalid for lack of enablement.  Summary

26 judgment in SUMCO's favor was denied with respect to SUMCO's affirmative defense of anticipation.

27 The Court denied MEMC's Motion for Summary Judgment against Defendants for Active Inducement

28 of Infringement under 35 U.S.C. § 271(b) and also denied SUMCO's Motion for Summary Judgment

3

1    of Zero Damages Because of No Inducement under 35 U.S.C. § 271(b) as moot.

2        On April 6, 2006, the Court held a Case Management Conference in this case. Subsequently,

3    on April 14, 2006, the Court issued its Order for Pretrial Preparation in Patent Cases ("Pretrial Order").

4    Pursuant to the Pretrial Order, this case is scheduled to commence trial on October 1, 2007. Discovery

5    is set to close on May 25, 2007.

6        On May 23, 2006, MEMC filed the instant Motion to Dismiss Counts II, III, and IV of the First

7    Amended Complaint and Defendant's Counterclaims. MEMC's Motion to Dismiss is premised on

8    Federal Rules of Civil Procedure 12(b)(1), 12(h)(3), and 41(a)(2).

9                                    **LEGAL STANDARD**

10   **A.    Dismissal Based on Lack of Jurisdiction**

11       Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for

12   lack of subject matter jurisdiction. "When subject matter jurisdiction is challenged under Federal Rule

13   of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the

14   motion." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). "'A

15   plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence

16   of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect

17   called to its attention or on discovering the same, must dismiss the case, unless the defect [can] be

18   corrected by amendment.'" *Id.* (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)). In

19   adjudicating such a motion, the court is not limited to the pleadings, and may properly consider extrinsic

20   evidence. *See Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

21       Additionally, Federal Rule of Civil Procedure 12(h), which governs the waiver or presentation

22   of certain defenses, provides that the Court shall dismiss an action "[w]henever it appears by suggestion

23   of the parties or otherwise that the court lacks jurisdiction of the subject matter." Fed. R. Civ. P.

24   12(h)(3).

25       However, pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action shall not be dismissed

26   at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court

27   deems proper." Fed. R. Civ. P. 41(a)(2). Further, "[i]f a counterclaim has been pleaded by a defendant

28   prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be

4

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1  dismissed against the defendant's objection unless the counterclaim can remain pending for independent

2  adjudication by the court." *Id.* Unless otherwise specified in the Court's order, a Rule 41(a)(2) dismissal

3  is without prejudice. *Id.*

4  **B.      Declaratory Judgment**

5  A declaratory judgment counterclaim may be brought to resolve an "actual controversy" between

6  "interested" parties. 28 U.S.C. § 2201(a). The existence of a sufficiently concrete dispute between the

7  parties remains, however, a jurisdictional predicate to the vitality of such an action. *Aetna Life Ins. Co.*

8  *v. Haworth*, 300 U.S. 227, 239-41 (1937); *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 633-34,

9  (Fed.Cir.), *cert. denied*, 502 U.S. 1013 (1991).  Indeed, the "actual controversy must be extant at all

10  stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401

11  (1975). The burden is on the claimant to establish that jurisdiction over its declaratory judgment action

12  existed at, and has continued since, the time the counterclaim was filed. *International Med. Prosthetics*

13  *Research Assocs. v. Gore Enter. Holdings, Inc.*, 787 F.2d 572, 575 (Fed.Cir.1986).

14  "The long established rule of law is that a declaratory judgment plaintiff must establish an actual

15  controversy on the 'totality of the circumstances.'" *Spectronics*, 940 F.2d at 634 (quoting *Maryland*

16  *Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272(1941)).  In the domain of suits for

17  declarations of patent rights and relationships, a two-part test for determining justiciability has evolved.

18  *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993).  First, there must be an

19  explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of

20  the declaratory plaintiff that it will face an infringement suit. *Id.* Second, there must be present activity

21  which could constitute infringement or concrete steps taken with the intent to conduct such activity.

22  *Id.* The "purpose of the two-part test is to determine whether the need for judicial attention is real and

23  immediate," in which case the federal courts have jurisdiction, or whether it is "prospective and

24  uncertain of occurrence," in which case they do not. *Id.*

25  Even when a court has jurisdiction to hear a declaratory judgment action, however, it may still

26  exercise its discretion and dismiss a case if it determines that other factors support dismissal. *Wilton*

27  *v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

28

5

1

**ANALYSIS**

2          In its Motion to Dismiss, MEMC moves to dismiss without prejudice Count II (Declaratory

3   Judgment of Patent Non-Infringement), Count III (Declaratory Judgment of Patent Invalidity), and

4   Count IV (Declaratory Judgment of Patent Unenforceability) of SUMCO's First Amended Complaint

5   and seeks to voluntarily dismiss without prejudice its own counterclaims of infringement of the '302 and

6   '380 Patents.

7          SUMCO does not dispute that Counts II and III and MEMC's counterclaims should be dismissed.

8   The sole issue with respect to these claims and counterclaims is whether the dismissal should be with

9   or without prejudice.   Additionally, the parties are in dispute as to whether Count IV should be

10  dismissed for lack of jurisdiction.

11  **A.      Dismissal of Counts II and III and MEMC's Counterclaims**

12         In Counts II and III of the First Amended Complaint, SUMCO seeks a declaratory judgment that:

13  (1) the '302 and '380 Patents are not infringed by the Samsung wafers or SUMCO's test and monitor or

14  standard silicon wafers (Count II); and (2) that the '302 and '380 Patents are invalid for failure to comply

15  with 35 U.S.C. §§ 101, 102, 103, and 112 (Count III).   In MEMC's Amended Answer and

16  Counterclaims, MEMC alleges that: (1) the '302 Patent is infringed by wafers sold to IBM by SUMCO;[1]

17  and (2) the '380 Patent is infringed by wafers sold to Samsung Austin by SUMCO.

18         Because this Court has held that the '302 Patent is invalid pursuant to 35 U.S.C. § 112 for lack

19  of enablement, the parties agree that the doctrine of collateral estoppel bars MEMC from asserting that

20  patent in an infringement suit.  *Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*, 170 F.3d

21  1373, 1381 (Fed. Cir. 1999).   The parties also agree that the doctrine of collateral estoppel extends to

22  the '380 Patent, which was not asserted in Case No. C 01-4925 SBA, because, like the asserted claims

23  of the '302 Patent, each of the asserted claims of the '380 Patent requires an "axially symmetric region

24  of silicon substantially free of agglomerated defects."  Additionally, the parties agree that the '380 Patent

25  has the same hot zone disclosure as the '302 Patent, which was found to be non-enabling by the Court

26  _____

27         [1]In Case No. C 01-4925 SBA, MEMC alleged that SUMCO infringed claims 1-6 and 9-12 of
    the '302 Patent by selling wafers to Samsung Austin Semiconductor (referred to herein as "Samsung
28  Austin").  In the present lawsuit, MEMC alleges that SUMCO infringes claims 1, 3, 5, 9, and 11 of
    the '302 Patent by selling wafers to IBM.

6

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1 in the prior litigation.[2]

2    Despite the fact that the parties agree that neither party can pursue claims or counterclaims

3 pertaining to the validity or infringement of the '302 and '380 Patents, the parties disagree on one critical

4 point: (1) whether the dismissal should be with prejudice.[3] SUMCO argues that dismissal with prejudice

5 is warranted because it would prevent MEMC from later reasserting the same claims into this lawsuit,

6 thereby creating delay. MEMC, on the other hand, argues that dismissal with prejudice would unfairly

7 deprive it of the rights it would otherwise be entitled to if it succeeds on its appeal of this Court's final

8 judgment of non-infringement and invalidity. MEMC further asserts that it would not be opposed to

9 dismissal with prejudice if it is unsuccessful on its appeal, but argues that it is premature to make such

10 a finding at this juncture.

11    The Court finds that MEMC's position is the most reasonable approach. Dismissal with

12 prejudice is a final adjudication of the issues presented by the pleadings and normally bars further suit

13 between the parties on the same cause of action. *Glick v. Ballentine Produce, Inc.*, 397 F.2d 590 (8th

14 Cir. 1968). As such, if this Court were to dismiss the infringement and validity claims pertaining to the

15 '302 and '380 Patents on the instant Motion, MEMC would be deprived of the opportunity of *ever*

16 pursuing those claims against SUMCO, even if the Federal Circuit later determines that the '302 Patent

17 is valid and/or infringed. Further, the Court finds that SUMCO's concerns regarding delay and judicial

18

19    [2]The parties do not agree as to whether SUMCO's declaratory judgment claims pertaining to
20 the '380 Patent may also be dismissed on the grounds that no case or controversy existed when
SUMCO filed its First Amended Complaint. MEMC contends that a justiciable controversy was
eliminated by the fact that this Court had entered a final judgment of zero damages with respect to
21 the '302 Patent at the time that the First Amended Complaint was filed. As alleged in SUMCO's
First Amended Complaint, however, SUMCO was reasonably apprehensive of a patent suit against it
22 pertaining to the '380 Patent because MEMC had attempted, in October 2003, to introduce the '380
Patent into Case No. C 01-4925 SBA as another basis for infringement. Further, SUMCO was
23 continuing to make, use, sell, or offer for sale non-Samsung silicon wafers, and was, in fact, selling
the accused wafers to IBM, Hynix, and other companies. As such, the mere fact that this Court
24 found that MEMC was not entitled to any damages because it had not proven that SUMCO sold or
offered to sell the accused wafers to Samsung Austin, or induced Samsung Austin to infringe, did
25 not eliminate the actual controversy between MEMC and SUMCO with respect to the '380 Patent.
However, as set forth above, since both parties agree that the doctrine of collateral estoppel supports
26 dismissal of Counts II and III, the Court declines to decide whether Counts II and III should also be
dismissed on this alternative basis.

27    [3]SUMCO also contends that MEMC disagrees that the Court should specifically rule that the
'380 Patent is being dismissed because it is invalid as non-enabling under 35 U.S.C. § 112.
28 However, it is quite apparent that MEMC agrees that such a ruling is proper.

7

United States District Court

For the Northern District of California

1  economy are best addressed by requiring both parties to request leave of Court before reasserting any

2  dismissed claims.  In the event that either party files a motion to amend the complaint or counterclaims,

3  the Court can evaluate the status of the case at that time and determine whether the introduction of new

4  claims would either promote or thwart judicial economy.

5  **B.      Dismissal of Count IV**

6       The final issue to be determined is whether Count IV should also be dismissed.  In Count IV of

7  the First Amended Complaint, SUMCO seeks a declaratory judgment that the '302 and '380 Patents are

8  unenforceable under the doctrine of inequitable conduct because the named inventors and/or others

9  substantially involved in prosecuting the applications leading to the '302 and '380 Patents were aware

10  of information material to the patentability of the claims of the '302 and '380 Patents but intentionally

11  withheld that information from the Patent Office with the intent to deceive.  MEMC argues that Count

12  IV should be dismissed because the Court's determination of patent invalidity renders the

13  unenforceability claim moot since "it is axiomatic that two patents which all parties agree have no valid

14  and infringed claim (on the present record) cannot be enforced."  SUMCO, on the other hand, argues

15  that Count IV should not be dismissed because: (1) a finding of unenforceability due to inequitable

16  conduct is an independent cause of action; and (2) SUMCO's unenforceability claim is "intertwined"

17  it its antitrust and patent misuse issues.

18       SUMCO's arguments are irrelevant.  As MEMC correctly points out, the reason why Count IV

19  is subject to dismissal is because there is no longer any live "controversy" as to whether the '302 and

20  '380 Patents are unenforceable; all parties agree that these patents are invalid unless and until the Federal

21  Circuit rules otherwise.  Moreover, SUMCO's reliance on *HCC, Inc. v. R H & M Mach. Co.*, 39 F. Supp.

22  2d 317, 322-23 (S.D.N.Y. 1999) is misplaced.  The *HCC, Inc.* opinion stands for the proposition that

23  a patent held to be ***valid*** as not obvious or not anticipated does not necessarily compel the conclusion

24  that a finding of unenforceability due to inequitable conduct cannot be made.  *Id.*  In the instant case,

25  the patents-in-suit are ***invalid***.  As such, *HCC, Inc.* does not support SUMCO's position.  Further,

26  SUMCO's antitrust and patent misuse claims do not necessarily depend on a finding of unenforceability

27  since a finding of invalidity has already been made.  Accordingly, since SUMCO has not met its burden

28  of showing that a justiciable controversy exists with respect to Count IV, and since neither party has

8

1  shown that adjudicating this claim during the appeal on the validity issue would lead to a conservation

2  of judicial resources, Count IV is also hereby DISMISSED WITHOUT PREJUDICE.

3                                          **CONCLUSION**

4          IT IS HEREBY ORDERED THAT MEMC's Motion to Dismiss Counts II, III, and IV of the

5  First Amended Complaint and Defendant's Counterclaims [Docket No. 194] is GRANTED.  Counts II,

6  III, and IV of the First Amended Complaint and MEMC's counterclaims are DISMISSED WITHOUT

7  PREJUDICE.  All claims pertaining to the infringement and validity of the '380 Patent are being

8  dismissed due to the fact that the '380 Patent is invalid as non-enabling under 35 U.S.C. § 112 for the

9  reasons pertaining to the '302 Patent set forth by this Court in the Order dated February 24, 2006 on

10  SUMCO and MEMC's motions for summary judgment in Case No. C 01-4925 SBA [Docket No. 677

11  in Case No. C 01-4925 SBA].

12          IT IS FURTHER ORDERED THAT neither party may further amend any of the pleadings in

13  this action to reassert any of the claims that have been dismissed without first requesting leave of Court

14  and demonstrating good cause.

15          IT IS SO ORDERED.

16

17  Dated:  6/5/06                                SAUNDRA BROWN ARMSTRONG
                                                    United States District Judge
18

19

20

21

22

23

24

25

26

27

28